IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-02047-WYD (Consolidated with Civil Action No. 05-cv-02266)


RUDY LESLIE PAUL, and
CAROL CHRISTENSEN PAUL,

      Plaintiffs/ Appellees,

v.

TAMMY IGLEHART,

      Defendant/ Appellant.

---

## ORDER

---

THIS MATTER is before the Court on review of four decisions the Bankruptcy

Court issued in Adversary Proceeding number 04-1515-SBB, which were related to a

Chapter 7 Bankruptcy proceeding, case number 01-16614-SBB.  Tammy Iglehart,

Appellant, argues that the Bankruptcy Court erred in all four Orders.  First, Iglehart

argues that the Bankruptcy Court erred in denying her Motion for Summary Judgment

by Order issued on August 4, 2004.  Second, Iglehart argues that the Bankruptcy Court

erred in holding that she violated 11 U.S.C. §524(a)(2) by Order issued on August 23,

2005.  Third, Iglehart argues that the Bankruptcy Court erred in denying her Motion for

Post-Trial Relief by Order issued on October 3, 2005.  Finally, Iglehart contests the

Bankruptcy Court's Order awarding attorney fees and costs to Rudy and Carol Paul

("The Pauls") issued on October 25, 2005.  The Pauls, in turn, filed a cross-appeal on

January 17, 2006, arguing that the Bankruptcy Court erred in apportioning the award of fees between Iglehart and her counsel Robert T. Lego.  I find that all four of the Bankruptcy Court's Orders were correct in both the findings of fact and conclusions of law.  Accordingly, I affirm the four Orders and dismiss this action with prejudice.

I.    BACKGROUND

The following facts are relevant to this appeal of the Bankruptcy Court's Orders. There are three separate proceedings which affect the outcome of this case: (1) a lawsuit initiated in Eagle County by Iglehart in 1997, *Tammy Iglehart v. Peak Sports & Spine Physical Therapy, P.C., a Colorado corporation, Rudy Paul, Steve Austin, and Carol Paul*, Civil Action No. 97-cv-351 (the "Eagle County case"), (2) the Pauls' Bankruptcy case, case no. 01-16614-SBB (the "Bankruptcy case"), and (3) the adversary proceeding brought by the Pauls in the Bankruptcy Court, case no. 04-1515-SBB (the "Adversary Proceeding").  A review of the history of these three proceedings is necessary to understand the Bankruptcy Court's determination that Iglehart willfully violated the Discharge Order.

Iglehart filed a Complaint against the Pauls (among others) in 1997, thus commencing the Eagle County case.  This case concerned the formation and operation of Peak Sports & Spine Physical Therapy, P.C. ("Peak").  Specifically, the Amended Complaint in the Eagle County case included claims for: unlawful discharge, negligent/fraudulent misrepresentations, nondisclosure, interference with contract, bad faith breach of shareholder duties, bad faith breach of director fiduciary duties, professional malpractice, removal of directors, outrageous conduct, defamation,

invasion of privacy, accounting, injunction, and civil conspiracy. (Iglehart's Br. Exh. 3). This case was originally between Iglehart (Plaintiff) and Peak, Mr. Paul, Mrs. Paul, and Steve Austin (Defendants). Mrs. Paul was not involved in the business of Peak and the claims asserted against her were limited to claims for Defamation and Invasion of Privacy.

On September 10, 2001, the judge in the Eagle County case entered default against Defendant Peak. (Iglehart's Br. Exh. 19). In the Order entering default, the judge held that default was proper because "Peak did not file any responsive pleadings to the Amended Complaint, thus defaulting and admitting the allegations." *Id.* at 1. The judge did not, however, award damages at the time default was entered, instead holding that "the Court require[d] a hearing and the presentation of evidence to support Plaintiff's claimed damages." *Id.* at 3.

During the pendency of the Eagle County case, the Pauls filed a voluntary bankruptcy petition on May 7, 2001. The filing of the bankruptcy petition stayed the Eagle County case against the Pauls, as individuals. Ultimately, on October 2, 2001, the Bankruptcy Court issued an Order discharging the Pauls of their prepetition debts and an injunction pursuant to 11 U.S.C. §524 was automatically put in place. It is undisputed that the Discharge Order in the Pauls' Bankruptcy case prohibited Plaintiff from pursuing the Eagle County case against the Pauls, as individuals, for any claims which arose prepetition. It appears that, at some point, Iglehart settled the claims against Defendant Steve Austin. (Tr. at 4). The dismissal of Defendant Austin, coupled with the Pauls' bankruptcy discharge and the entry of default against Peak,

resulted in the sole remaining issue in the Eagle County case being the amount of damages Peak owed to Iglehart.

After the Bankruptcy Court issued the Discharge Order in the Pauls Bankruptcy Proceeding, Iglehart mailed notices of depositions to both Mr. and Mrs. Paul in the Eagle County case.  Iglehart argues that these depositions were necessary to gather information related to the damages due as a result of the default entered against Peak.  The depositions were served on the Pauls in Wisconsin and mandated that the Pauls travel to Colorado.  The Pauls informed Iglehart that they did not have the financial means to travel to Colorado; however, Iglehart took the position that the Pauls were still parties to the Eagle County case and that they should come to Colorado for the depositions.

Ultimately, the Pauls did not show up in Colorado for the noticed depositions. As a result of the Pauls failing to appear, Iglehart moved for a finding of contempt against them.  On or about December 5, 2003, the Court in the Eagle County case granted Iglehart's Motion for Contempt and entered sanctions against the Pauls for not appearing at the noticed depositions.  The Pauls moved for reconsideration of the imposition of sanctions, asserting that the court should not require that they travel to Colorado for depositions because of their bankruptcy discharge.  The court in the Eagle County case granted the Pauls' Motion for Reconsideration and vacated the sanctions. Iglehart, in turn, moved for reconsideration of the order vacating sanctions.  Iglehart's Motion for Reconsideration was denied.

Eventually, on April 30, 2004, the Pauls filed a Complaint before the Bankruptcy Court alleging that Iglehart violated the Discharge Order by making the discovery demands on the Pauls in the Eagle County case and pursuing sanctions against them. On July 2, 2004, Iglehart moved for summary judgment. Iglehart's Motion for Summary Judgment was denied by Order issued on August 4, 2004.

More than one year after the Pauls initiated the adversary proceeding against Iglehart in the Bankruptcy Court, Iglehart filed a Verified Supplement to her Amended Complaint in the Eagle County case. In this Verified Supplement, Iglehart added claims against Mr. Paul for alleged postpetition conduct relating to the winding down of the Peak business. Iglehart now takes the position that while the section 524 discharge prevents her from pursuing damages against the Pauls for prepetition conduct in the Eagle County case, she may pursue damages against Mr. Paul for the claims asserted in the Verified Supplement to her Amended Complaint.

On August 11, 2005, a hearing/trial was held in front of Bankruptcy Judge Sidney Brooks. Judge Brooks ruled from the bench in favor of the Pauls. In addition, Judge Brooks issued an Order on August 11, 2005. Judge Brooks held that Iglehart violated the Discharge Order by aggressively pursuing discovery (and sanctions) in the Eagle County case and filing the Verified Complaint. In response to the Bankruptcy Court's unfavorable ruling, Iglehart filed a Motion for post-trial relief pursuant to bankruptcy rules 7052 and 9023. The Bankruptcy Court denied Iglehart's Motion for post-trial relief. On August 31, 2005, the Pauls filed an Application for Attorney Fees. The Bankruptcy Court granted this application in part and denied it in part. In all, the

Bankruptcy Court awarded $14,860.20 in attorney fees and $395.27 in costs to the Pauls.  Both Iglehart and the Pauls have since filed the two Appeals which are now before me.

II.   ANALYSIS

There are only two issues that I must determine on both Iglehart's Appeal and the Pauls' Cross-Appeal.  First, I must decide whether or not it was erroneous for the Bankruptcy Court to find that Iglehart violated the injunction entered at the conclusion of the Pauls' Bankruptcy case pursuant to 11 U.S.C. §524(a)(2).  Second, I must determine whether or not the Bankruptcy Court erred in awarding the Pauls attorney fees and in determining the amount of those fees.

On appeal, I may affirm, modify, or reverse the Bankruptcy Court's Order, or remand with instructions for further proceedings.  *Kimco Leasing,Inc. v. Knee,* 144 B.R. 1001, 1005 (N.D.Ill. 1992).  I must review the findings of fact under a "clearly erroneous" standard.  *Id.*  A "finding of fact is clearly erroneous if it is without factual support in the record or if, after a review of all the evidence, we are left with the definite and firm conviction that a mistake has been made."  *In re Davidovich*, 901 F.2d 1533, 1536 (10th Cir. 1990).  I must review the Bankruptcy Court's conclusions of law, on the other hand, *de novo.  Id.*  "The burden of proof is on the party seeking to reverse a bankruptcy court's holding."  *In re Johnson*, 236 B.R. 510, 518 (D.C.Cir. 1999).  "That party must show that the court's holding was clearly erroneous as to its assessment of the facts or erroneous in its interpretation of the law, and not simply that another conclusion could have been reached."  *Id.*  Further, "remedial statutes such as the

-6-

Bankruptcy Code are generally held to be liberally construed in favor of the debtor [in the present case, the Pauls], in order to better facilitate that debtor's fresh start."  157 B.R. 268, 272 (Bankr. W.D.Va. 1993).

Section 524(a)(2) of the Bankruptcy Code provides that a discharge in a bankruptcy case operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any dischargeable debt as a personal liability of the debtor, whether or not discharge of such debt is waived. "Discharge is the legal embodiment of the 'fresh start'." *In re Walker*, 180 B.R. 834, 840 (Banrk. W.D. La. 1995).  The section 524 injunction is "intentionally broad in scope and is intended to preclude virtually all actions by a creditor to collect personally from the debtor." *Id.* "Postdischarge lawsuits and litigation are clearly prohibited." *Id.*

A.    Motion for Summary Judgment

In her Appeal, Iglehart first argues that the Bankruptcy Court committed reversible error by denying her Motion for Summary Judgment.  Iglehart argues that there were no genuine issues of material fact and that she was entitled to judgment as a matter of law.  In the Order denying Iglehart's Motion for Summary Judgment, the Bankruptcy Court specifically found that there was a genuine issue of material fact as to whether or not Iglehart intended to harass the Pauls by pursuing the discovery and sanctions in the Eagle County case.

In an adversary proceeding of a Bankruptcy case, Federal Rule of Civil Procedure 56 governs a summary judgment motion.  Pursuant to rule 56(c) of the

Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *EEOC v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000).  "When applying this standard, [the court must] 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000).  "A fact is 'material' if, under the governing law, it could have an effect on the outcome of the lawsuit." *Horizon/CMS Healthcare*, 220 F.3d at 1190. "A dispute over a material fact is 'genuine' if a rational jury could find in favor of the nonmoving party on the evidence presented." *Id.*

I find that whether or not Iglehart intended to harass the Pauls through discovery requests was a material fact.  If Iglehart intended to harass the Pauls by pursuing the discovery and sanctions in the Eagle County case, then these actions could have been deemed to violate the section 524 injunction.  Further, after Iglehart submitted her Motion for Summary Judgment, there also remained an issue of material fact about whether or not the aggressive pursuit of discovery and sanctions against the Pauls was really, in effect, a pursuit of the prepetition claims against the Pauls, as individuals.  Accordingly, the Bankruptcy Court did not err in denying Iglehart's Motion for Summary Judgment.

B.    <u>Violation of the Injunction</u>

Ultimately, after a full day trial/hearing on the issue, the Bankruptcy Court found that Iglehart had violated the section 524 injunction effective upon the Pauls' discharge. The Bankruptcy Court found that Iglehart's pursuit of the Eagle County case was really a continuation of the original prepetition lawsuit against the Pauls, as individuals.  In her Opening Brief, Iglehart asserts two main arguments.  First, Iglehart argues that Judge Brooks erroneously expanded the scope of the Complaint.  Second, Iglehart argues that her actions, as found by Judge Brooks, do not constitute a violation of section 524.

As for her first argument, Iglehart asserts that Judge Brooks should not have considered either Iglehart's prepetition conduct in the Eagle County case or Iglehart's filing of the Verified Complaint.  I find, however, that Judge Brooks properly considered these events.  Iglehart's prepetition conduct is relevant to the extent that it gives context to her postdischarge pursuit of discovery.  Iglehart is correct that it would be erroneous for Judge Brooks to find that a section 524 injunction was violated by prepetition conduct.  However, in the case at hand, Judge Brooks did not find that Iglehart violated the section 524 injunction because of her prepetition conduct in the Eagle County case.  Rather, Judge Brooks rejected Iglehart's justifications for her postdischarge pursuit of discovery because Iglehart's prepetition actions demonstrate that Iglehart could have obtained this information before the bankruptcy discharge and chose not to.  Contrary to Iglehart's argument, the Bankruptcy Court's determination

that she had violated the section 524 injunction was based on her aggressive pursuit of discovery and sanctions postdischarge.

Further, it was not error for Judge Brooks to analyze whether or not the pursuit of the Verified Complaint in the Eagle County case was a violation of the section 524 Discharge Order.  Pursuant to 11 U.S.C. §105(a), "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provision of this title.  No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."  The Bankruptcy Court properly considered whether or not Iglehart's pursuit of the Verified Complaint was a further violation of the section 524 injunction in order to prevent further erosion of the Pauls' fresh start. Accordingly, I find that making this determination was well within Judge Brooks' discreton.

Iglehart's second argument is that the evidence before the Bankruptcy Court did not support a finding that Iglehart had violated the section 524 injunction.  I disagree. In the present case, Judge Brooks found that Iglehart violated the discharge injunction on two separate instances.  First, Iglehart violated the injunction by aggressively pursuing discovery and sanctions against the Pauls.  Second, Iglehart violated the injunction by filing the Verified Supplement and alleging new claims against Mr. Paul, as an individual, in the Eagle County case.

Judge Brooks found that the first violation of the section 524 injunction occurred as a result of Iglehart pursuing discovery and sanctions against the Pauls in 2003. Iglehart took the position in the Eagle County case that the Pauls were both still parties to the case and, thus, should be required to appear in Colorado for the taking of their depositions.  The notice of deposition for Mrs. Paul was clearly a violation of the discharge injunction.  Mrs. Paul was not involved in the business of Peak and, thus, there was no justification in noticing her for a deposition.  Further, pursuing discovery based on the defamation claim would clearly be a continuation of a prepetition action against Mrs. Paul.

Iglehart's notice of deposition relating to Mr. Paul is less clear.  Mr. Paul's deposition was potentially justified because this deposition could have yielded information relevant to the amount of damages owed by Peak (the sole remaining issue in the Eagle County case).  After reviewing the history of the Eagle County case, however, it is apparent that noticing Mr. Paul for deposition and requiring him to travel to Colorado were both violations of the discharge injunction.  Iglehart had not pursued discovery at the beginning of the Eagle County case (eight years prior to the filing of the adversary opinion) nor had Iglehart pursued discovery after the entry of default against Peak in 2001.  Further, Iglehart had not availed herself of alternative means of getting information regarding Peak, such as: seeking discovery prior to the filing of the bankruptcy, requesting relief from the automatic stay in order to pursue discovery during the pendency of the bankruptcy, or requesting that the trustee in bankruptcy allow her to review the records of Peak which were in the trustee's possession.  Rather

than respecting the Pauls special status as discharged debtors, Iglehart continued the

Eagle County case in full force as if they were still both liable for the prepetition claims.

Accordingly, I find Judge Brooks' conclusion that Iglehart violated the section 524

injunction by her aggressive pursuit of discovery against the Pauls to be without error.

Second, Judge Brooks found that there was no evidence in the record of any

postpetition wrongdoing and that the pursuit of claims under the Verified Complaint was

in actuality a pursuit of claims that arose from prepetition conduct.  Iglehart added

claims in the Verified Complaint involving Mr. Pauls' actions in the winding down of

Peak.  Judge Brooks specifically found that there was no evidence of Mr. Paul

committing any postdischarge wrongdoing on the record.  Further, in the course of the

Bankruptcy, the trustee determined that Peak had no value and abandoned that entity.

Accordingly, Judge Brooks concluded that the Verified Supplement was, in effect, a

continuation of the litigation of prepetition claims against Mr. Paul, as an individual.  I

find Judge Brooks' conclusion regarding the Verified Supplement to be without error.

After my own review of the record, it is clear that Iglehart has not honored the

Pauls' bankruptcy discharge.  Judge Brooks was correct in finding that Iglehart's pursuit

of discovery against the Pauls, as well as Iglehart's filing of the Verified Suplement,

were in violation of the section 524 injunction.

C.     Motion for Post-Trial Relief

After the August 23 Order was filed, Iglehart moved for post-trial relief in the

Bankruptcy Court.  In her Motion, Iglehart asserted similar arguments to those she

brings in her appeal.  Judge Brooks correctly rejected Iglehart's arguments and denied

the request for post-trial relief.  As explained above, the record supported Judge

Brooks' finding that Iglehart violated the section 524 discharge.  Accordingly, Iglehart's

Motion for Post-Trial Relief was properly denied.

      D.    <u>Attorney Fees</u>

      After the favorable outcome in the adversary proceeding, the Pauls moved for

attorney fees.  The Bankruptcy Court found that an award of attorney fees was

appropriate in this case and that the amount of fees requested by the Pauls as

reasonable.  However, the Bankruptcy Court limited the fee award to only the portion of

the fees that the Bankruptcy Court determined were a result of Iglehart's conduct

(excluding fees resulting from Iglehart's attorney's conduct).  Both Iglehart and the

Pauls argue that the Order awarding attorney fees was in error.  Iglehart argues that it

was error for the Bankruptcy Court to award any attorney fees in the adversary

proceeding.  The Pauls, on the other hand, argue in their Cross-Appeal that the

Bankruptcy Court should have awarded the entire fee amount, rather than apportioning

the award.

      First, I find the Bankruptcy Court's determination that an award of attorney fees

was proper in this case to be without error.  At least one Court in this jurisdiction has

recognized an implied right of action for a violation of the discharge injunction.  *See In*

*re Vogt*, 257 B.R. 65, 68 (D.Colo. 2000)(finding that it is within the Bankruptcy Court's

equity powers pursuant to section 105(a) of the Bankruptcy Code to award attorney

fees).  Because of a lack of caselaw analyzing the specific question of when it is

appropriate to award attorney fees for a violation of the section 524 discharge, Judge

Brooks turned to the analysis in *In re Gagliardi*, 290 B.R. 808 (Bankr.  D.Colo. 2003)(analyzing the question of when an award of attorney fees for a violation of the section 362 stay is appropriate).

In *Gagliardi*, the bankruptcy court held that "[i]n order to impose sanctions against the respondents for their violations of the stay, the Court must first find that their actions were 'willful'." 290 B.R. at 819.  The court specifically found that a good faith belief that one was not violating the stay was not relevant to the determination of whether the party was acting willfully.  *Id*.  Specifically, the court held that the term 'willful,' "refers to the deliberateness of the conduct, coupled with knowledge of the filing." *Id*.  In the case at hand, it is undisputed that Iglehart had notice of the Discharge Order.  Further, the Bankruptcy Court specifically found that Iglehart's pursuit of discovery and later pursuit of sanctions against the Pauls were done deliberately.  Accordingly, Judge Brooks' ultimate conclusion that attorney fees should be awarded was without error.

Second, I find that the Bankruptcy Court's determination that the Pauls' calculation of their fees was reasonable was not in error.  In determining whether or not the attorney fees requested by the Pauls were reasonable, Judge Brooks followed the factors outlined in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714 (5th Cir. 1974).  After a thorough application of these factors to the present situation, the Bankruptcy Court found that the *Johnson* factors were met and the requested amount was reasonable.  Iglehart has not demonstrated that Judge Brooks' conclusion regarding the reasonableness of the attorney fees was erroneous.

-14-

Third, and finally, I find that the Bankruptcy Court acted within its discretion in apportioning the attorney fee award and requiring that Iglehart pay only the fees resulting from her conduct.  The Pauls argue that this apportionment was in error, citing to the case of *In re Stainton*, 139 B.R. 232 (9th Cir. B.A.P. 1992).  The case of *In re Stainton*, however, was a case involving an award of fees pursuant to section 362 of the Bankruptcy Code.  Section 362 expressly mandates that attorney fees be awarded. In the case at hand, however, attorney fees were awarded pursuant to the Bankruptcy Court's equitable powers pursuant to section 105(a) of the Bankruptcy Code.  When exercising its powers under section 105(a), a bankruptcy court has "very broad authority to enforce the provisions of the code."  *Rogers v. NationsCredit Financial Services Corp.*, 233 B.R. 98, 109 (N.D.Cal. 1999).  Consequently, the Bankruptcy Court acted within its discretion in the apportionment of attorney fees.

IV.     CONCLUSION

In sum, I find that the Bankruptcy Court did not err in any of the four orders before this Court.

Accordingly, it is

ORDERED that the Order Denying Defendant's Motion for Summary Judgment, issued August 4, 2004, is **AFFIRMED**.  It is

FURTHER ORDERED that the Order Regarding Violation of 11 U.S.C. §524, issued August 23, 2005, is **AFFIRMED**.  It is

FURTHER ORDERED that the Order Denying Motion for Post-Trial Relief pursuant to Fed.R.Bankr.P. 9023, issued October 3, 2005, is **AFFIRMED**.  It is

FURTHER ORDERED that the Memorandum Opinion and Order on Plaintiff's

Application for Attorney's fees and costs, issued October 25, 2005, is **AFFIRMED**.  It is

FURTHER ORDERED that this matter is **DISMISSED WITH PREJUDICE**.

Dated:  August 21, 2007

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge